OPINION
{¶ 1} Appellant, Sergio Zuniga, appeals from a judgment entry of the Portage County Court of Common Pleas, denying his motion to withdraw a guilty plea. For the reasons that follow, we reverse the judgment of the trial court and remand this matter for further proceedings consistent with this opinion.
 {¶ 2} On May 19, 2000, appellant was indicted by the Portage County Grand Jury on one count of burglary, in violation of R.C. 2911.12, a third degree felony, and one count of attempted aggravated arson, in violation of R.C. 2923.02 and 2909.02(A)(1), a second degree felony. The record is limited with respect to the factual events that resulted in these charges. However, the record reveals that these charges resulted from an apparent dispute between appellant and his then girlfriend, Michelle Kester ("Kester").[1] During this altercation, appellant entered his neighbor's house through an unlocked door and threatened to set himself on fire. At his arraignment, appellant pleaded not guilty to these charges.
 {¶ 3} During an August 28, 2000 plea hearing, appellant entered a guilty plea. Appellant's guilty plea was the result of plea negotiations which reduced the charges of the indictment to one count of burglary, in violation of R.C. 2911.12, a fourth degree felony, and one count of arson, in violation of R.C. 2909.03(A)(2), also a fourth degree felony. In the course of the plea hearing, the court advised appellant of his constitutional and non-constitutional rights incident to a trial, and asked appellant whether he understood these rights. Appellant answered affirmatively.
 {¶ 4} In addition, during the hearing, appellant orally informed the court that he was not a citizen of the United States. The court inquired as follows:
 {¶ 5} "The Court: * * * Okay, a couple things, as a result of pleading guilty to a felony that you could be deported, you understand that?
 {¶ 6} "Defendant: Yes, sir."
 {¶ 7} Submitted with the trial court was a written guilty plea. The written guilty plea stated that appellant had been notified of, and understood, his constitutional and non-constitutional rights of trial. It noted that appellant recognized his guilty plea would result in a waiver of these rights. Moreover, the written guilty plea again notified the court that appellant was not a citizen of the United States.
 {¶ 8} The trial court issued an August 30, 2000 judgment entry, which determined that appellant's guilty plea was valid and entered judgment accordingly. The court then sentenced appellant to serve twenty days in the Portage County Jail. The court proceeded to credit appellant for twenty days of jail time and placed him on probation for eighteen months.
 {¶ 9} On May 23, 2002, appellant filed a motion to withdraw his guilty plea and a petition to vacate or set aside his sentence. Attached to appellant's motion and petition was a copy of a March 18, 2002 notice of hearing in removal proceedings, issued by a United States immigration court, which scheduled a removal hearing for June 11, 2002.
 {¶ 10} Appellant's motion and petition argued that his guilty plea was invalid, as such plea was neither a voluntary nor knowing waiver. In support of this contention, appellant maintained that the trial court failed to adhere to the statutory requirements of R.C. 2943.031 because it failed to adequately inform him that his guilty plea could result in deportation. Thus, appellant's motion and petition requested that his guilty plea be withdrawn and his sentence set aside.
 {¶ 11} The state filed a response to appellant's motion and petition. The state's response first maintained that appellant's requests were untimely and, therefore, must be considered petitions for postconviction relief. In addition, the state argued that the record of the plea hearing demonstrated appellant had been adequately notified of the possibility of deportation; thus, appellant's guilty plea was made voluntarily and knowingly.
 {¶ 12} On September 30, 2002, a hearing was held on appellant's motion to withdraw his guilty plea. During the hearing, appellant testified that although he was informed by the trial court of the possibility of deportation, it was his understanding that he would be deported only if he violated his probation. Appellant further testified that his attorney, at the time of the guilty plea, advised him that deportation would occur only if he violated probation.
 {¶ 13} Kester, appellant's wife, also testified at the hearing on appellant's motion to withdraw his guilty plea. As part of her testimony, Kester disclosed that she witnessed some of the incidents which resulted in appellant's indictment. Kester further testified that appellant informed her that he was going to plead guilty to lesser charges so he would not be deported.
 {¶ 14} Following the hearing, on October 3, 2002, the court issued a judgment entry denying appellant's motion to withdraw.[2] The judgment entry failed to set forth any reasons for the denial. From this judgment, appellant filed two separate notices of appeal, which have been consolidated, and now sets forth four assignments of error for our consideration:
 {¶ 15} "[1.] The failure of the trial court to follow the mandatory provisions of ORC. § 2943.031 and the subsequent failure of the court to allow petitioner to vacate the conviction and sentence deprived appellant of his Due Process rights.
 {¶ 16} "[2.] The lower court deprived the appellant of hisFifth Amendment Right to Due Process and abused its discretion by not allowing Appellant to withdraw his plea after failing to advise him of the three legal consequences within [R.C. 2943.031]."
 {¶ 17} "[3.] The Appellant's right to Due Process was violated because he did not give a knowing, voluntary, and intelligent waiver to trial as he was not given time to consider the appropriateness of the Plea nor did the court make a valid determination that the defendant understood the advisement as required under ORC. § 2943.031 and the Fifth andFourteenth Amendments to the United States Constitution.
 {¶ 18} "[4.] Appellant's counsel rendered him ineffective assistance by failing to object to patent errors by the court and not advising appellant of immigration consequences."
 {¶ 19} Appellant's first and second assignments of error will be consolidated for purposes of review. Under his first and second assignments of error, appellant argues that his guilty plea is void or voidable based upon the trial court's failure to adhere to the statutory prerequisites of R.C. 2943.031. Namely, appellant maintains that he was denied due process and a liberty interest due to the court's omission of a proper advisement under R.C. 2943.031. In support of his contention, appellant maintains that the language of R.C. 2943.031 was mandatory, thereby requiring the trial court's strict compliance. Appellant concludes that his guilty plea was invalid because the court failed to advise that pleading guilty could result not only in deportation, but also in an exclusion from admission to the United States or the denial of naturalization.
 {¶ 20} At the outset, we note that a motion to withdraw a guilty plea pursuant to R.C. 2943.031 is a post-sentence motion directed at the plea entered in the underlying case. State v. McDonald, 11th Dist. No. 2003-L-155, 2004-Ohio-6332, at ¶ 14. In contrast, "a petition for post-conviction relief seeks vacation or correction of a party's conviction of sentence on the basis that his or her rights have been violated." Id. Therefore, the state's characterization of appellant's motion to withdraw his guilty plea as a petition for postconviction relief is incorrect. Id., (holding that the trial court's classification of a motion to withdraw a guilty plea pursuant to R.C. 2943.031 as a petition for postconviction relief was in error).
 {¶ 21} Under R.C. 2943.031, a trial court is required to advise a non-citizen defendant of the possible consequences of his or her guilty plea, to wit:
 {¶ 22} "(A) Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:
 {¶ 23} "`If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'
 {¶ 24} "Upon request of the defendant, the court shall allow him additional time to consider the appropriateness of the plea in light of the advisement described in this division."[3]
 {¶ 25} R.C. 2943.031(D) provides, "[u]pon motion of the defendant, thecourt shall set aside the judgment and permit the defendant to withdraw aplea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."
 {¶ 26} Here, the record before us demonstrates that appellant pleaded guilty to two fourth degree felonies and informed the trial court that he was not a citizen of the United States. Moreover, the notice of hearing in removal proceedings, issued by the immigration court, establishes that appellant may be subjected to possible deportation. Because the foregoing statutory prerequisites of R.C. 2943.031(D) have been satisfied, we must determine whether the trial court properly advised appellant as required by R.C. 2943.031(A).
 {¶ 27} The Ohio Supreme Court's recent decision in State v. Francis,104 Ohio St.3d 490, 2004-Ohio-6894, provides the applicable law. InFrancis, the defendant pleaded guilty to a fourth degree felony and was given the following advisement after she informed the trial court of her immigrant status:
 {¶ 28} "THE COURT: Do you understand that if you enter a guilty plea to the felony that it would affect your rights in this country?
 {¶ 29} "THE DEFENDANT: Yes." Id. at ¶¶ 10-11.
 {¶ 30} Approximately nine years later the immigrant defendant moved the trial court to withdraw her guilty plea under R.C. 2943.031, arguing that the court failed to provide the proper advisement. Without a hearing, the court denied the defendant's motion to withdraw and did not state its reasons for the denial. The Eighth District Court of Appeals affirmed. Id.
 {¶ 31} The Ohio Supreme Court accepted the matter as a discretionary appeal. First, the Court noted that a motion to withdraw a guilty plea filed after a sentence has been issued is usually subject to the "manifest injustice" standard of Crim.R. 32.1. Francis at ¶ 26. However, an examination of R.C. 2943.031 established the General Assembly's intent to replace the "manifest injustice" standard with the standards of R.C. 2943.031(D). Id. at ¶ 26. The Court then held, "[a]lthough this case implicates R.C. 2943.031 rather than Crim R. 32.1, the * * * abuse-of-discretion standard of review applies[.]" Id. at ¶ 32.
 {¶ 32} In the instant case, appellant's motion to withdraw his guilty plea was filed after he had been sentenced. Accordingly, we will apply an abuse of discretion standard. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams
(1980), 62 Ohio St.2d 151, 157.
 {¶ 33} The Francis Court proceeded to state that the timeliness of the motion to withdraw and the trial court's substantial compliance with the advisement under R.C. 2943.031(A) were important factors when determining whether the trial court abused its discretion. With respect to timeliness, the Court recognized that R.C. 2943.031 did not provide any time limitations within which to file a motion to withdraw. Id. at ¶ 37. Nevertheless, the Court held that "[t]imeliness of the motion is just one of many factors the trial court should take into account when exercising its discretion in considering whether to grant the motion." Id. at ¶ 40. In doing so, the court provided the following reasons for a consideration of timeliness:
 {¶ 34} "The more time that passes between the defendant's plea and the filing of the motion to withdraw it, the more probable it is that evidence will become stale and that witnesses will be unavailable. The state has an interest in maintaining the finality of a conviction that has been considered a closed case for a long period of time. It is certainly reasonable to require a criminal defendant who seeks to withdraw a plea to do so in a timely fashion rather than delaying for an unreasonable length of time." Id. at ¶ 40.
 {¶ 35} The Court determined that the importance of the timeliness factor is dependent upon the particular facts of the case. Id. at ¶ 42. In some cases, a considerable delay in filing the motion to withdraw will not be a factor supporting a denial of the motion; such as when the immigration-related consequences are not evident for some time after the plea was entered. Id.
 {¶ 36} Regarding substantial compliance, the Court initially determined that when a trial court accepts a guilty plea from a noncitizen defendant, a "verbatim" recitation of the advisement set forth in R.C. 2943.031(A) is required. Id. at paragraph one of the syllabus. Despite this determination, the Court rejected a strict compliance standard and adopted a substantial compliance standard. Id. at ¶ 46. The Court noted, "the issue regarding substantial compliance in these cases is not, in hindsight, what warning should have been provided, but rather, given the current situation, what standard should apply in evaluating the motion to withdraw the plea." Id.
 {¶ 37} Accordingly, the Court held, "if some warning of immigration-related consequences was given at the time a noncitizen defendant's plea was accepted, but the warning was not a recital of the verbatim R.C. 2943.031(A) statutory language, a trial court considering the defendant's motion to withdraw the plea under R.C. 2943.031(D) must exercise its discretion in determining whether the trial court that accepted the plea substantially complied with R.C. 2943.031(A)." Id. at ¶ 48. Substantial compliance denotes that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Id. In addition, substantial compliance requires the defendant to show that prejudice resulted from the lack of compliance. State v. Porterfield, 11th Dist. No. 2002-T-0045, 2004-Ohio-520, at ¶ 26. The test of prejudice queries whether the plea would have been made despite the trial court's failure to substantially comply. Francis at ¶ 48.
 {¶ 38} Notwithstanding the foregoing propositions of law, the Court reversed the trial court's denial of the immigrant defendant's motion to withdraw and remanded the matter for further proceedings. The Court based its decision upon the trial court's failure to hold a hearing and the trial court's failure to explain its reasons for the denial. Id. at ¶¶ 51-52. Specifically, the Court stated, "[w]e simply find that, in this case, the combination of a failure to hold a hearing and a failure to explain the reasoning are so significant that appellate review is impossible and that further proceedings by the trial court are necessary." Id. at ¶ 56.
 {¶ 39} In the instant case, the trial court held a hearing on appellant's motion to withdraw his plea, and a transcript of the hearing has been made a part of the record. The court's judgment entry, however, fails to provide any reasoning for the denial. This case is distinguishable from Francis, as the transcript of the hearing provides a sufficient record to allow for an appellate review. Therefore, we will examine the record to determine whether appellant filed a timely motion to withdraw and whether the trial court substantially complied with the advisement of R.C. 2943.031(A).
 {¶ 40} As a brief aside, we express apprehension and dismay with respect to the Court's determination that substantial compliance is the applicable standard. In a concurring opinion, Chief Justice Moyer aptly noted the following: (1) the word "shall" was used to establish the advisement set forth in R.C. 2943.031(A) as a mandatory requirement; (2) the requirements of R.C. 2943.031(A) are clear and unambiguous; and (3) the express advisement was placed within quotation marks. Francis at ¶¶ 69-77 (Moyer, C.J., concurring in judgment only). In addition, the first paragraph of the Court's syllabus declared that a "verbatim" recitation of the advisement set forth in R.C. 2943.031(A) is required. Chief Justice Moyer concluded that the foregoing establish the General Assembly's intent to require strict compliance with R.C. 2943.031(A). Id. at ¶ 69 (Moyer, C.J., concurring in judgment only). We agree. Nevertheless, we are bound by the precedent set forth by the Court's majority in Francis
and will review appellant's assignments of error accordingly.
 {¶ 41} That being said, a careful examination of the record before us demonstrates that the trial court failed to substantially comply with the mandatory advisement stated in R.C. 2943.031(A). To recapitulate, the court informed appellant as follows:
 {¶ 42} "The Court: * * * Okay, a couple things, as a result of pleading guilty to a felony that you could be deported, you understand that?
 {¶ 43} "Defendant: Yes, sir."
 {¶ 44} As noted previously, because the recitation of the advisement was not verbatim, "[the] trial court must exercise its discretion in determining whether the trial court that accepted the plea substantially complied with R.C. 2943.031(A)." Id. at ¶ 48. Here, the trial court's advisement failed to notify appellant that his guilty plea could result in an exclusion from admission to the United States or a denial of naturalization. Moreover, the court's general advisement failed to explain to appellant that his conviction of the charged felonies could result in the detrimental immigration consequences described in R.C.2943.031. By failing to advise appellant that his conviction, standing alone, could result in the related immigration consequences, the court allowed for a broad interpretation of the advisement. This omission apparently resulted in appellant's misguided belief that he would only be deported if he violated probation.
 {¶ 45} The testimony of appellant and Kester further demonstrates that prejudice resulted from the court's lack of compliance. Specifically, both appellant and Kester testified that the guilty plea was made because appellant believed that the immigration consequences of R.C. 2943.031 were pertinent only if appellant, a legal permanent resident, violated his probation. Appellant's testimony further established that he only entered his plea so he could remain with his wife and children, who are citizens. The trial court simply failed to advise him that his conviction could result in immediate deportation and permanently prevent him from returning to the United States. Clearly, appellant's plea would not have been made had the trial court substantially complied with the advisement. Thus, the record demonstrates that the court failed to substantially comply with R.C. 2943.031(A), and prejudice resulted from this lack of compliance.
 {¶ 46} Our focus now shifts to whether appellant's motion to withdraw was filed in a timely fashion. Because there is no per se amount of time which will result in an untimely filing of a motion to withdraw a guilty plea pursuant to R.C. 2943.031, we must review the surrounding circumstances of the matter before us.
 {¶ 47} Appellant's motion was filed approximately one year and eight months after the court accepted his guilty plea. Such a delay is not so prejudicial to render the application of R.C. 2943.031(D) unreasonable or absurd. The record demonstrates that Kester was one of the two victims involved in the crimes which resulted in appellant's conviction. Hence, at least one witness was still available to testify to the factual circumstances which resulted in appellant's indictment. Thus, any prejudice to the state resulting from the delay is minimal and fails to establish a legitimate basis for ignoring the mandatory requirements of R.C. 2943.031.
 {¶ 48} Moreover, appellant provided a reason for the delay at the hearing on his motion to withdraw the guilty plea. Appellant testified that his prior counsel had informed him that deportation was a possibility only if he violated his probation. He further testified that he believed the court's notification of deportation was also conditioned upon a violation of probation. Appellant's ignorance of the prospect of deportation is further corroborated by the fact that he filed his motion to withdraw the guilty plea approximately two months after he received the notice of hearing in removal proceedings. Thus, appellant presented a legitimate reason for the delay.
 {¶ 49} Again, the trial court's failure to provide its reasons for the denial of appellant's motion to withdraw somewhat hinders our ability to review this matter for an abuse of discretion. The hearing transcript, however, aids in developing an adequate record that can be examined to determine whether an abuse of discretion occurred. See, e.g., Francis at ¶ 51. Despite the absence of the trial court's reasons for the denial, the record in the instant case demonstrates the court abused its discretion.
 {¶ 50} The trial court's failure to substantially comply with R.C.2943.031(A), and appellant's timely filing of his motion to withdraw his guilty plea, compels a mandatory withdrawal of his guilty plea. Thus, we hold that the trial court abused its discretion by denying appellant's motion to withdraw his guilty plea. Appellant's first and second assignments of error are with merit.
 {¶ 51} Because appellant's first and second assignments of error are with merit, his third and fourth assignments of error have been rendered moot. We hereby reverse the judgment of the trial court and remand this matter for further proceedings consistent with this opinion.
Ford, P.J., concurs,
Rice, J., dissents with Dissenting Opinon.
[1] Following his conviction, appellant and Kester were married.
[2] The court made no specific determination with respect to appellant's petition to vacate the sentence. Accordingly, we will presume that the petition was also denied. See, e.g., State v. Bretz (June 22, 2001), 11th Dist. No. 2000-P-0069, 2001 Ohio App. LEXIS 2803, at 3.
[3] The provisions of R.C. 2943.031(B), which exempt the court from notifying a non-citizen defendant of the possible consequences of his or her guilty plea, are not applicable to the case sub judice.