OPINION
{¶ 1} Defendant, Jose Hernandez-Medina, appeals from a judgment denying his post-sentence motion to withdraw his guilty plea.
 {¶ 2} On January 1, 2006, Springfield police officers executed a search warrant at Defendant's residence and *Page 2 
discovered between ten and twenty-five grams of powder cocaine, $6,786.00 in cash, and several guns. Defendant, a native and citizen of Mexico who has acquired permanent resident status in the United States, was indicted on one count of possession of powder cocaine in an amount greater than ten grams but less than twenty-five grams, a third degree felony in violation of R.C. 2925.11.
 {¶ 3} Pursuant to a negotiated plea agreement, Defendant entered a plea of guilty to the drug abuse charge, amended to a fourth degree felony, and agreed to forfeit the $6,786.00 in cash and the guns. In exchange, the parties agreed that Defendant would be sentenced to a one year prison term, and if he complies with the rules while in prison, Defendant would be granted judicial release after six months and sent to the West Central Community Corrections program.
 {¶ 4} During the plea hearing the following colloquy between Defendant and the trial court took place:
 {¶ 5} "THE COURT: Are you a United States citizen?
 {¶ 6} "THE DEFENDANT: No.
 {¶ 7} "THE COURT: Okay. Do you understand that — I don't know that this would happen; but I need to advise you that by pleading guilty to a felony, there is the outside possibility that that could cause problems with your status as a person *Page 3 
living in the United States.
 {¶ 8} "I don't know that you would be deported, but I just want you to be aware that there's a possibility that a felony conviction could cause some problems for you, and, again, I wish I could advise you as to what that might be. But I just wanted you to be aware of the potential problem.
 {¶ 9} "Do you understand that?
 {¶ 10} "THE DEFENDANT: Uh-huh, yes." (T. 7-8).
 {¶ 11} The trial court went on to accept Defendant's guilty plea, and subsequently sentenced Defendant to a one year prison term in accordance with the terms of the plea agreement.
 {¶ 12} On October 4, 2006, four months after he was sentenced, Defendant filed a motion pursuant to R.C. 2943.031(D) and Crim.R. 32.1, asking to withdraw his guilty plea. Defendant alleged that at the time he entered his plea the trial court failed to substantially comply with R.C. 2943.031(A), which requires that, upon entering a plea of guilty or no contest to a criminal offense, persons who are not citizens of the United States be advised of various adverse immigration consequences including deportation, exclusion from admission to the United States, and denial of naturalization. On November 15, 2006, the trial court *Page 4 
overruled Defendant's motion to withdraw his guilty plea, concluding that it had substantially complied with R.C. 2943.031.
 {¶ 13} Defendant timely appealed to this court.
FIRST ASSIGNMENT OF ERROR
 {¶ 14} "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA AND VACATE CONVICTION."
 {¶ 15} Initially, we note that counsel for Defendant indicates in her brief that after Defendant was convicted and sentenced for drug abuse, proceedings were instituted by Immigration and Customs Enforcement officials against Defendant in the United States Immigration Court to have Defendant deported from the United States based upon his drug abuse conviction. Although not a part of the official record in this appeal, Defendant has appended to his reply brief copies of the various hearing notices issued in the removal proceedings against Defendant. Defendant's reply brief indicates that he was granted judicial release by the trial court on February 9, 2007, but subsequent thereto Defendant was transferred into the custody of Immigration and Customs Enforcement. The last scheduled hearing was April 3, 2007, a date long since passed, and it is unclear at this time whether Defendant remains in the United States. *Page 5 
 {¶ 16} R.C. 2943.031 provides in relevant part:
 {¶ 17} "(A) Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:
 {¶ 18} "`If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'"
 {¶ 19} "* * *
 {¶ 20} "(D) Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the *Page 6 
advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.
 {¶ 21} "(E) In the absence of a record that the court provided the advisement described in division (A) of this section and if the advisement is required by that division, the defendant shall be presumed not to have received the advisement."
 {¶ 22} In State v. Francis, 104 Ohio St.3d 490, 2004-Ohio-6894, the Ohio Supreme Court stated:
 {¶ 23} "A trial court accepting a guilty or no-contest plea from a defendant who is not a citizen of the United States must give verbatim the warning set forth in R.C. 2943.031(A), informing the defendant that conviction of the offense for which the plea is entered `may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'
 {¶ 24} "If some warning of immigration-related consequences was given at the time a noncitizen defendant's plea was *Page 7 
accepted, but the warning was not a verbatim recital of the language in R.C. 2943.031(A), a trial court considering the defendant's motion to withdraw the plea under R.C. 2943.031(D) must exercise its discretion in determining whether the trial court that accepted the plea substantially complied with R.C. 2943.031(A)." Syllabus at ¶ 1 and 2.
 {¶ 25} A defendant who is not a citizen of the United States and who, before his guilty plea was accepted, did not receive the statutory warning from the trial court that R.C. 2943.031(A) requires concerning potential immigration-related consequences of his plea, is not required to demonstrate any manifest injustice otherwise required in cases involving post sentence plea withdrawal requests made pursuant to Crim.R. 32.1. Francis. An appellate court reviews a trial court's decision on a motion to withdraw a plea pursuant to R.C. 2943.031(D) using an abuse of discretion standard. Id. An abuse of discretion means more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. State v. Adams (1980), 62 Ohio St.2d 151.
 {¶ 26} The record of Defendant's plea hearing demonstrates that at the time the trial court accepted Defendant's guilty plea the court gave Defendant some warning of possible adverse *Page 8 
immigration consequences that might result from the plea, but the court did not recite verbatim the advisement language contained in R.C.2943.031(A), which is the prescribed method of complying with the statute. Francis. Thus, the question is whether the trial court nevertheless "substantially complied" with R.C. 2943.031(A).Id. Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. Id. The test is whether the plea would otherwise have been made. Id.
 {¶ 27} The trial court overruled Defendant's motion to withdraw his guilty plea on a finding that it had substantially complied with R.C.2943.031(A), citing State v. Ikharo (September 10, 1996), Franklin App. No. 95APA11-1511. The court's reliance upon Ikharo is misplaced, however, because the facts in Ikharo are different from the facts in this case. Unlike in Ikharo, there was no showing that defense counsel had advised Defendant of the possible adverse immigration consequences of his plea identified in R.C. 2943.031(A). Also, unlike inIkharo, Defendant alleged in his motion to withdraw that his guilty plea resulted in adverse consequences to his immigration status. Finally, unlike in Ikharo, this record indicates that had Defendant been advised *Page 9 
of each the particular adverse immigration consequences that might result from his plea, he would not have entered his guilty plea.
 {¶ 28} R.C. 2943.031(A) requires that a non-citizen entering a guilty plea be advised about three particular adverse immigration consequences of the plea; deportation, exclusion from admission to the United States, and denial of naturalization. In warning Defendant that his guilty plea might have some adverse consequences on his immigration status, the trial court stated: ". . . that could cause problems with your status as a person living in the United States. I don't know that you would be deported, but I just want you to be aware that there is a possibility that a felony conviction could cause some problems for you; and, again, I wish I could advise you as to what that might be."
 {¶ 29} The express advisement prescribed by R.C. 2943.031 has a dual purpose. One purpose is to inform the defendant of the particular potential consequences his plea of guilty or no contest may have on his immigration status. The other purpose, equally important, is to permit the court to "determine that the defendant understands the advisement."Id. The general explanation the court gave, coupled with its disclaimer of its own understanding of what, if any, problems *Page 10 
Defendant might face with respect to his immigration status, undermines both purposes the General Assembly sought to serve when it enacted R.C.2943.031. Simply consulting the Revised Code, which identifies the particular consequences that could result, would have avoided the problem.
 {¶ 30} The trial court failed to advise Defendant that his guilty plea might result in exclusion from admission to the United States, or denial of naturalization. Thus, in advising Defendant about the possible adverse immigration consequences of his guilty plea the trial court failed to even mention two out of the three separate, distinct consequences set forth in R.C. 2943.031(A). In our view, that does not constitute substantial compliance with R.C. 2943.031(A). See: State v.Zuniga, Lake App. Nos. 2003-P-0082, 2004-P-0002, 2005-Ohio-2078.
 {¶ 31} In examining the totality of the facts and circumstances in this case, our conclusion that substantial compliance has not been demonstrated is buttressed by the fact that Defendant's motion to withdraw his guilty plea was filed in a timely manner, only four months after Defendant was sentenced. In that regard, Defendant's affidavit attached to his motion to withdraw his plea indicates that he only became aware of the various adverse immigration consequences of his *Page 11 
plea when he consulted with immigration counsel after Immigration and Customs Enforcement agents visited him in prison. Furthermore, Defendant avers in his affidavit that had he fully understood all of the potential adverse immigration consequences, he would not have entered his guilty plea. That strongly suggests that Defendant did not understand the potential adverse immigration consequences, and therefore his plea was not knowing, intelligent and voluntary, and he was prejudiced as a result.
 {¶ 32} The totality of the facts and circumstances in this case do not demonstrate that the trial court substantially complied with R.C.2943.031(A) in advising Defendant about the possible adverse immigration consequences of his guilty plea. Therefore, the trial court abused its discretion in overruling Defendant's motion to withdraw his guilty plea.
 {¶ 33} Defendant's assignment of error is sustained. The judgment of the trial court will be reversed and this case remanded to the trial court for further proceedings consistent with this opinion.
 BROGAN, J. And FAIN, J., concur. *Page 1