[Cite as *State v. Perry*, 2019-Ohio-2699.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| WENROSS S. PERRY | : | Case No. CT2018-0045 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Muskingum County
Court of Common Pleas, Case No.
CR2017-0179

JUDGMENT:        Reversed and Remanded

DATE OF JUDGMENT:        July 1, 2019

APPEARANCES:

For Plaintiff-Appellee

D. MICHAEL HADDOX
Prosecuting Attorney
Muskingum County, Ohio

By: GERALD V. ANDERSON II
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702-0189

For Defendant-Appellee

JOSEPH N. PHILLIPS
Amato Law Office, L.P. A.
420 Broadway Avenue
Wellsville, Ohio 43968

*Baldwin, J.*

{¶1}   Wenross S. Perry appeals the decision of the Muskingum County Court of Common Pleas denying his request to withdraw his guilty plea.  Appellee is the State of Ohio.

## STATEMENT OF FACTS AND THE CASE

{¶2}   The facts leading to Appellants arrest are unnecessary for the consideration and resolution of the issues before this court and are therefore omitted.

{¶3}   Appellant was charged with possession of drugs with a forfeiture specification, a third degree felony in violation of R.C. 2925.11(A) as well as trafficking in drugs with a forfeiture specification, also a third degree felony in violation of R.C. 2925.03(A)(2).

{¶4}   Appellant entered a plea of not guilty on May 17, 2017, then changed his plea to guilty to one count of violating 2925.03(A)(2), trafficking in drugs, on June 19, 2017. (The violation of R.C. 2925.11(A) was dismissed by the state.)  During the plea hearing, the following exchange occurred:

THE COURT: And you understand that you are a resident of the United States but you're not a United States citizen to the point that by entering this plea you could be deported?

THE DEFENDANT: Yes, sir.

THE COURT: You also understand you have a right to contact your consulate and that type of thing, if you need to. You understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And that could also be a possible consequence to you entering the plea. You understand that?

THE DEFENDANT: Yes, sir.

\*\*\*

THE COURT: I normally would as at this point in time, are you a U.S. citizen?

THE DEFENDANT: I'm a resident of the United States.

Plea Hearing, June 19, 2017, pp. 8-10.

{¶5} Appellant's guilty plea was accepted and he was sentenced to a twelve month prison term, given eighty-three days credit for time served and ordered to forfeit $5,055.00 that was on his person when he was arrested.

{¶6} On November 20, 2017, Appellant received a Notice to Appear in Immigration Court. Removal proceedings were initiated as a result of his conviction in this case pursuant to Sections 2327(a)(2)(A)(iii) and 237(a)(2)(B)(i) of the Immigration and Nationality Act.

{¶7} Appellant filed a motion to withdraw his guilty plea as a result of the initiation of the deportation proceedings. He attached his affidavit containing the following statements:

2. Affiant states that he is a lawful permanent resident of the United States; he is not a United States Citizen.

3. Affiant states that he is a citizen of Jamaica.

4. Affiant states that he pled guilty to one count of Trafficking in Drugs — Marijuana, with a forfeiture specification, in violation of R.C. §

2925.03(A)(2), a third degree felony, in Muskingum County Court of Common Pleas case number CR2017-0179 on June 19, 2017.

5. Affiant states that he was not given any explanation of his rights or the consequences of entering his plea, and further, that he did not understand the consequences of his plea and was not aware that a conviction for the charged offense would affect his immigration status.

6. Affiant states that his defense counsel did not advise him of any adverse immigration consequences from entering his plea.

7. Affiant further states that had he known pleading guilty to the charged offense would have consequences on his immigration status, he would not have entered the plea and would have exercised his rights and fought the case in court.

8. Affiant states that as a result of his conviction for Trafficking in Drugs — Marijuana, with a forfeiture specification, in violation of R.C. § 2925.03(A)(2), a third degree felony, in Muskingum County Court of Common Pleas case number CR2017-0179, he is removable from and inadmissible to the United States.

**{¶8}** Appellant also attached the affidavit of Kathleen S. Fish. Ms. Fish identified herself as an immigration attorney. She reviewed Appellant's conviction and concluded that it made Appellant removable from United States, ineligible for admission to the United States and ineligible for U.S. citizenship.

**{¶9}** Appellant argued that the trial court failed to comply with the requirements of R.C. 2943.031(A) when he was sentenced. That section requires that:

(A)    Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:

(B)    "If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

Upon request of the defendant, the court shall allow him additional time to consider the appropriateness of the plea in light of the advisement described in this division."

{¶10} Revised Code 2943.031(D) describes the remedy for failure to comply with the requirements of Subsection (A):

Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

{¶11} The trial court considered the motion and the state's response and denied Appellant's request without a hearing finding:

*** the Defendant was advised of the risk of deportation and opportunity to contact the Jamaican consulate regarding the legal ramifications of his plea. The Court finds that the advisements provided substantially comply with R.C. §2943.031. Furthermore, the Defendant argues that his defense attorney failed to inform him that deportation is mandated in his case; however, he fails to provide any support for such a claim and only the Department of Homeland Security has authority to deport a non-U.S. citizen, and only after a hearing pursuant to Immigration and Nationality Act §240(3) has been held; the Defendant has not had such a hearing.

Therefore, after due consideration of the same, the Defendant's motion is Denied, and his request for an oral hearing is Denied.

{¶12} Appellant filed a timely notice of appeal from the trial court's decision and submitted three assignments of error:

{¶13} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO WITHDRAW AND VACATE HIS GUILTY PLEA BECAUSE THE TRIAL COURT FAILED TO SUBSTANTIALLY COMPLY WITH THE STATUTORILY REQUIRED ADVISEMENTS TO NONCITIZENS CONTAINED IN R.C. § 2943.031(A)."

{¶14} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO WITHDRAW AND VACATE HIS GUILTY PLEA BECAUSE APPELLANT'S PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY MADE DUE TO THE TRIAL COURT'S FAILURE TO SUBSTANTIALLY COMPLY WITH THE STATUTORILY REQUIRED ADVISEMENTS TO NONCITIZENS CONTAINED IN R.C. § 2943.03L(A)."

{¶15} "III. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA ON THE BASIS OF INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HIS FORMER ATTORNEY FAILED TO PROPERLY ADVISE HIM OF THE IMMIGRATION CONSEQUENCES AS A RESULT OF PLEADING GUILTY PURSUANT TO *PADILLA V. KENTUCKY*, 559 U.S. 356, 364, 130 S.CT. 1473, 176 L.ED.2D 284 (2010)."

## STANDARD OF REVIEW

{¶16} Appellant asked to withdraw his guilty plea pursuant to Crim.R. 32.1 and R.C. 2943.031. While post-sentence motions filed under Crim.R. 32.1 are subject to the

manifest injustice standard, that requirement is not applicable when the Appellant claims a violation of R.C. 2943.031. *State v. Oluoch*, 10th Dist. Franklin No. 07AP-45, 2007-Ohio-5560, ¶ 9. "R.C. 2943.031(D)'s explicit language mandates that a trial court set aside a judgment of conviction and allow a defendant to withdraw his guilty plea if the defendant satisfies four requirements. Showing manifest injustice is not included as one of the requirements." *State v. Weber,* 125 Ohio App.3d 120, 129, 707 N.E.2d 1178 (10th Dist.1997).

**{¶17}** Appellant must instead show that "(1) the court failed to provide the defendant with the advisement contained in R.C. 2943.031(A); (2) the advisement was required; (3) the defendant is not a United States citizen; and (4) the offense to which the defendant pled guilty may result in deportation under the immigration laws of the federal government." *Id.* at 126, 707 N.E.2d 1178.

**{¶18}** The trial court's decision regarding whether the elements have been established is reviewed under an abuse of discretion standard. *Francis* at ¶ 32.

To clarify, the exercise of discretion "applies to the trial court's decision on whether the R.C. 2943.031(D) elements have been established (along with the factors of timeliness and prejudice * * *), not generally to the trial court's discretion once the statutory provisions have been met." *Id.* at ¶ 34, 820 N.E.2d 355. "[A] defendant seeking relief under R.C. 2943.031(D) must make his or her case before the trial court under the terms of that statute, * * * the trial court must exercise its discretion in determining whether the statutory conditions are met, and * * * an appellate court

reviews a trial court's decision on the motion under an abuse-of-discretion standard in light of R.C. 2943.031(D). *Id.* at ¶ 36, 820 N.E.2d 355.

*State v. Muhumed*, 10th Dist. Franklin No. 11AP-1001, 2012-Ohio-6155, ¶¶ 8-10.

**{¶19}** Appellee contends that substantial compliance with the statute is sufficient and a verbatim reading of the statutory warning is not mandatory. *State v. Francis,* 104 Ohio St.3d 490, 2004-0hio-6894.

**{¶20}** The Appellant also contends that his trial counsel rendered ineffective assistance by failing to inform him of the consequences of a finding of guilt. The Supreme Court of Ohio recently issued an opinion regarding an analogous fact pattern and addressed the appropriate standard to apply to a claim of ineffective assistance of counsel in this context:

The Sixth Amendment to the United States Constitution guarantees a defendant the effective assistance of counsel at "'critical stages of a criminal proceeding,' including when he enters a guilty plea." *Lee v. United States*, ⸺ U.S. ⸺, 137 S.Ct. 1958, 1964, 198 L.Ed.2d 476 (2017), quoting *Lafler v. Cooper*, 566 U.S. 156, 165, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012); *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). When a defendant alleges ineffective assistance of counsel arising from the plea process, the defendant must meet the two-prong test set out in *Strickland,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. See *Hill* at 58, 106 S.Ct. 366 (applying *Stricklan*d to guilty pleas); *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992) (same).

First, the defendant must show that counsel's performance was deficient. *Strickland* at 687, 104 S.Ct. 2052; *Xie* at 524, 584 N.E.2d 715. When an attorney's noncitizen client is considering a plea, the United States Supreme Court has held that "counsel must inform her client whether his plea carries a risk of deportation." *Padilla,* 559 U.S. at 374, 130 S.Ct. 1473, 176 L.Ed.2d 284. Given the grave consequences of deportation, an ineffective-assistance claim is not limited to affirmative misadvice or false information. *Id.* at 369-371, 130 S.Ct. 1473. The failure to give any advice at all about possible deportation consequences satisfies the first prong of *Strickland. Id.* "The severity of deportation * * * only underscores how critical it is for counsel to inform her noncitizen client that he faces a risk of deportation." *Id.* at 373-374, 130 S.Ct. 1473.

Second, the defendant must demonstrate prejudice resulting from counsel's deficient performance. *Strickland* at 687, 104 S.Ct. 2052. The defendant can show prejudice by demonstrating a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill* at 59, 106 S.Ct. 366; *Xie* at 524, 584 N.E.2d 715.

*State v. Romero*, 2019-Ohio-1839, ¶¶15-16.

**{¶21}** Appellee claims that Appellant is contending his counsel failed to advise him of the certainty and imminence of deportation, but that relevant precedent does not obligate trial counsel to do any more than provide accurate advice. Appellee also implies

the uncertainty of immigration consequences as of the date of the motion prevents relief to the Appellant.

## ANALYSIS

{¶22} Appellant's first and second assignments of error focus upon the question of whether the trial court substantially complied with the requirements of R.C. 2943.031, so we will begin with an analysis of that issue.

{¶23} The Supreme Court of Ohio requires that any motion seeking relief under R.C. 2943.031 be timely. *State v. Khan,* 2nd Dist. Montgomery No. 21718, 2007-Ohio-4208, ¶ 31. In the case before us, the issue of timeliness is not addressed by the trial court, nor is it asserted as a fault by Appellee in its brief, so we consider that issue waived.

{¶24} Revised Code R.C. 2943.031(A) describes the duty of the trial court to provide the warning therein as a mandatory obligation by the use of the word "shall" most often used to designate a clear requirement. The Code requires that "the court **shall** address the defendant personally, provide the following advisement to the defendant that **shall** be entered in the record of the court, and determine that the defendant understands the advisement." *Id.* (Emphasis added.) Further, the language of the advisement is separately set out, in quotation marks, suggesting that the Legislature intended the trial courts to provide a verbatim recitation of that language, but that section of the Code does not expressly include that requirement.

{¶25} The Supreme Court of Ohio resolved this issue in *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355. In the first paragraph of the syllabus, the Court held that a verbatim recital is required:

A trial court accepting a guilty or no-contest plea from a defendant who is not a citizen of the United States must give verbatim the warning set forth in R.C. 2943.031(A), informing the defendant that conviction of the offense for which the plea is entered "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

**{¶26}** A failure to provide a verbatim recitation of the warning need not be fatal, as the Supreme Court of Ohio noted in the second paragraph of the syllabus:

If some warning of immigration-related consequences was given at the time a noncitizen defendant's plea was accepted, but the warning was not a verbatim recital of the language in R.C. 2943.031(A), a trial court considering the defendant's motion to withdraw the plea under R.C. 2943.031(D) must exercise its discretion in determining whether the trial court that accepted the plea substantially complied with R.C. 2943.031(A).

**{¶27}** The Court defined "substantial compliance" as meaning "that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. * * * The test is whether the plea would have otherwise been made." *State v. Nero,* 56 Ohio St.3d at 108, 564 N.E.2d 474; see, also, *Griggs,* 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, at ¶ 12.  *Francis* at ¶ 48 (2004). The Supreme Court of Ohio referenced *State v. Malcolm* (2001), 257 Conn. 653, 778 A.2d 134, in support of its holding that substantial compliance is sufficient to satisfy the requirement of the Revised Code.  While that Court did find that substantial compliance was sufficient, the statute at issue in that case is worded differently than R.C.

2943.031 and does not contain a mandatory advisement but only requires that the trial court "shall not accept a plea of guilty or nolo contendere from any defendant in any criminal proceeding unless the court first addresses the defendant personally and determines that the defendant fully understands" the potential consequences of his plea. *Conn.Gen.Stat.Ann.* 54-1j. Chief Justice Moyer and Justice Pfeiffer dissented in *Francis* and noted that the unambiguous requirement of the statute was a verbatim recitation of the advisement. Nevertheless, we are bound to comply with the holding in *Francis* and determine whether the trial court complied with the Code.

**{¶28}** The trial court did not comply with the first paragraph of the syllabus of *Francis, supra,* because it failed to "give verbatim the warning set forth in R.C. 2943.031(A), informing the defendant that conviction of the offense for which the plea is entered "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." We must next review whether the trial court abused its discretion by "determining whether [it] *** substantially complied with R.C. 2943.031(A)." As noted above, substantial compliance means "that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. * * * The test is whether the plea would have otherwise been made." *Francis* at ¶ 48 (2004).

**{¶29}** Appellant was arrested and charged on May 5, 2017, and changed his plea to guilty on June 19, 2017, approximately six weeks after his arrest. During the plea hearing, the trial court warned that "by entering this plea you could be deported" but did not warn of the possibility of "exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." R.C. 2943.031(A)." The

conviction made Appellant subject to deportation and his removal was virtually inevitable. *State v. Romero,* 5th Dist. Stark No. 2016CA00201, 2017-Ohio-2950, ¶ 19, appeal allowed, 151 Ohio St.3d 1502, 2018-Ohio-365, 90 N.E.3d 945, (2018), and aff'd and remanded, 2019-Ohio-1839. Appellant stated in his affidavit that he is not a United States citizen and "was and is inadmissible to the United States." He also contended that had he known of the immigration consequences of a guilty plea, he would have fought the charges. Appellant also offered the supplemental affidavit of an immigration attorney confirming that the conviction rendered Appellant removable, inadmissible, and prevented him from becoming a United States citizen.

{¶30} The immigration consequences alleged by Appellant were a certainty regardless of whether the conviction was the result of a plea or a trial, so it is reasonable to conclude that had Appellant subjectively understood all of the consequences of his plea, including inadmissibility, it is likely that he would not have entered his plea of guilty. In the context of this case, Appellant now faces permanent separation from his wife and step-daughter as it appears he has been deported and cannot return to the United States.

{¶31} As for the trial court's performance, we must conclude that substantial compliance did not occur. We agree with the Second District Court of Appeals when it determined that:

> The trial court failed to advise Defendant that his guilty plea might result in exclusion from admission to the United States, or denial of naturalization. Thus, in advising Defendant about the possible adverse immigration consequences of his guilty plea the trial court failed to even mention two out of the three separate, distinct consequences set forth in

R.C. 2943.031(A). In our view, that does not constitute substantial compliance with R.C. 2943.031(A). See: *State v. Zuniga,* Lake App. Nos.2003-P-0082, 2004-P-0002, 2005-Ohio-2078.

*State v. Hernandez-Medina*, 2nd Dist. Clark No. 06CA0131, 2008-Ohio-418, ¶ 30.

**{¶32}** We find that the Appellant could not subjectively understand the rights he was waiving when he was not fully advised of the rights that may be impacted by a finding of guilty. Our conclusion is buttressed by the first paragraph in the syllabus in *Francis* mandating a verbatim recitation of the advisement in R.C. 2943.031 which leads us to conclude that the second paragraph, which permits substantial compliance, requires advisement of all three consequences described in the advisement. The trial court in the case below failed to substantially comply because it did not address the consequences of denial of naturalization or potential inadmissibility. The Legislature determined all three issues were of such significant import that it included specific language for the trial court's use when advising defendants. Concluding that a trial court substantially complied with the requirement of the Code without any mention of two of the consequences is tantamount to changing the language of the statute and we are not willing to adopt such an interpretation. Our conclusion is indirectly supported by the decision in *State v. Sow*, 10th Dist. Franklin No. 17AP-772, 2018-Ohio-4186, ¶ 17 where the Tenth District Court of Appeals held that the trial court substantially complied with statutory requirements by informing defendant of the three possible consequences of deportation, exclusion from the admission and denial of naturalization, but did not provide a verbatim recital of the advisement.

{¶33} We hold that the trial court abused its discretion by finding that it substantially complied with the requirements of R.C. 2943.031. The trial court did not provide a verbatim recitation and failed to include two of the potential consequences of a guilty finding. Because there was not substantial compliance with the statutory requirements, the first and second assignment of errors are sustained.

{¶34} In his third assignment of error, Appellant contends he received ineffective assistance of counsel when his trial attorney failed to advise him of any potential immigration consequences of pleading guilty. Appellant provided an affidavit asserting that "his defense counsel did not advise him of any adverse immigration consequences from entering his plea" and "that had he known pleading guilty to the charged offense would have consequences on his immigration status, he would not have entered the plea and would have exercised his rights and fought the case in court." (Affidavit, ¶¶ 6-7). The trial court responded to this issue by concluding that Appellant failed "to provide any support for such a claim and only the Department of Homeland Security has authority to deport a non-U.S. citizen, and only after a hearing pursuant to Immigration and Nationality Act §240(3) has been held; the Defendant has not had such a hearing."

{¶35} We addressed a very similar fact pattern in State *v. Romero*, *supra* and the Supreme Court of Ohio recently issued a decision affirming our holding with some modification. *State v. Romero*, 2019-Ohio-1839, --- N.E.3d ----, 2019 WL 2111666.

{¶36} The Appellant in *Romero* was convicted of charges of drug trafficking and possession. The trial court advised Romero "that a conviction of the offense to which you are pleading guilty may have the consequence of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

Romero agreed that he understood, acknowledged that he was satisfied with his representation and he was given the opportunity to ask questions. He had no questions, entered a guilty plea and was sentenced.

**{¶37}** In the month following his sentencing, he was detained by United States Immigration and Customs Enforcement and served with a notice to appear in federal court for removal proceedings. "The notice informed Romero that he was subject to deportation from the United States under sections 237(a)(2)(A)(iii) and 237(a)(2)(B)(i) of the Immigration and Nationality Act, as amended, codified in 8 U.S.C. 1227(a)(2)(A)(iii) and 8 U.S.C. 1227(a)(2)(B)(i). Romero's convictions were for an aggravated felony and a violation of law related to a controlled substance, which made him subject to deportation." *Romero,* at ¶ 9.

**{¶38}** Romero filed a motion to withdraw his guilty plea and vacate the conviction claiming ineffective assistance of counsel. The trial court noted that it had read the R.C. 2943.031(A) advisement and that he had indicated that he understood the consequences and agreed to enter a guilty plea. We reversed and concluded the trial court failed to conduct the two prong analysis required by *Strickland* to determine an allegation of ineffective assistance of counsel.

**{¶39}** The Supreme Court of Ohio accepted jurisdiction and described the appropriate analysis as follows:

First, the defendant must show that counsel's performance was deficient. *Strickland* at 687, 104 S.Ct. 2052; *Xie* at 524, 584 N.E.2d 715. When an attorney's noncitizen client is considering a plea, the United States Supreme Court has held that "counsel must inform her client whether his

plea carries a risk of deportation." *Padilla*, 559 U.S. at 374. Given the grave consequences of deportation, an ineffective-assistance claim is not limited to affirmative misadvice or false information. Id. at 369-371, 130 S.Ct. 1473. The failure to give any advice at all about possible deportation consequences satisfies the first prong of Strickland. Id. "The severity of deportation * * * only underscores how critical it is for counsel to inform her noncitizen client that he faces a risk of deportation." Id. at 373-374, 130 S.Ct. 1473.

Second, the defendant must demonstrate prejudice resulting from counsel's deficient performance. *Strickland* at 687, 104 S.Ct. 2052. The defendant can show prejudice by demonstrating a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill* at 59, 106 S.Ct. 366; *Xie* at 524, 584 N.E.2d 715.

*Romero*, at ¶¶ 15-16.

**{¶40}** In *Romero,* the trial court did not consider Romero's ineffective assistance of counsel claim, but instead relied upon its R.C. 2943.031 advisement to dismiss the motion. In the case at bar, the trial court concludes Appellant failed to provide any support for his claim and only the Department of Homeland Security may deport him after a hearing that had not yet occurred.

**{¶41}** The trial court's finding Appellant failed to provide support for his claim is contradicted by the record. Appellant supplied an affidavit and a motion in which he asserted his trial counsel provided no advice regarding immigration consequences arising

from a conviction. Trial counsel filed a sentencing memorandum that made no reference to deportation or any immigration penalty, lending further support to Appellant's contention that he was not advised by his counsel. The failure to give any advice satisfies the first prong of the *Strickland* analysis. *State v. Taveras*, 12th Dist. No. CA2016-06-054, 2017-Ohio-1496, 89 N.E.3d 6, ¶ 19.

**{¶42}** Appellant demonstrated from facts in the record and his affidavit that he suffered prejudice as a result of ineffective assistance of counsel. He offered his affidavit, copy of the notice of deportation hearing, as well as affidavit of an immigration attorney confirming Appellant was deportable, removable, and inadmissible to the United States and would not be eligible to become a United States citizen as a proximate result of the conviction. *State v. Muhumed,* 10th Dist. Franklin No. 11AP-1001, 2012-Ohio-6155, ¶ 28. The trial court's conclusion that Appellant may be deported only after hearing disregards the finding of the United States Supreme Court that deportation, in the circumstances, is "practically inevitable," "virtually automatic" and "certain." The identity of the agency pursuing deportation and the conduct of the hearing prior to deportation does not alter the "unavoidable" consequence of deportation. *State v. Ayesta*, 8th Dist. Cuyahoga No. 101383, 2015-Ohio-1695, ¶ 7.

**{¶43}** Appellant has provided unrebutted evidence that he received no advice from his counsel regarding immigration consequences as a result of pleading guilty and that had he received that advice he would not have entered a guilty plea and, as a result of the guilty plea faces deportation and may have been deported. The trial court's conclusion that Appellant failed to provide evidence in support of his assertions is not supported by competent, credible, evidence.

**{¶44}** The totality of the circumstances of this case lead to a conclusion that Appellant has suffered prejudice as a result of his trial counsel's ineffectiveness, fulfilling the second prong of the *Strickland* analysis. As noted above, once begun, deportation is "virtually automatic" and "certain" and may have already occurred in this case. The Supreme Court of the United States noted in *Padilla* "[p] reserving the client's right to stay in the United States may be more important to the client and any potential jail sentence." *Padilla, supra* at 1483. This right was particularly important to Appellant, because his wife and stepdaughter remain in this country.

**{¶45}** The inevitability of deportation after a plea of guilty or conviction, Appellant's connections to the United States, the importance of avoiding deportation to remain with his wife and stepdaughter and the lack of substantial compliance by the trial court are factors that, when viewed from the Appellant's perspective, are all factors supporting the rationality of Appellant's assertion that he would have gone to trial rather than entering a guilty plea. *Romero*, 2019-Ohio-1839, ¶¶ 28-34. *State v. Bozso*, 8th Dist. No. 106149, 2018-Ohio-1750, 111 N.E.3d 786, ¶ 24, *appeal allowed,* 153 Ohio St.3d 1494, 2018-Ohio-4092, 108 N.E.3d 1103, ¶ 24.

**{¶46}** We find that the trial court abused its discretion by failing to conduct a hearing on Appellant's motion to withdraw his plea due to ineffective assistance to determine whether Appellant's claims fulfilled the requirements of *Strickland.* Appellant's third assignment of error is granted.

**{¶47}** Appellant's conviction is vacated and this matter is remanded to the Muskingum County Court of Common Pleas for further proceedings consistent with this opinion.

By: Baldwin, J.

Wise, John, P.J. and

Wise, Earle, J. concur.